# EXHIBIT "6"

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| DAVID OPPENHEIMER, | ) | C/A NO.: 2:20-cv-04219-DCN |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **PLAINTIFF'S FIRST** |
| DAVID DRUAND WILLIAMS; ASHLEY | ) | **SUPPLEMENTAL OBJECTIONS** |
| RIVER PROPERTIES, II, LLC d/b/a RIPLEY | ) | **AND ANSWERS TO DEFENDANTS'** |
| LIGHT YACHT CLUB; KRITI RIPLEY, | ) | **FIRST INTERROGATORIES** |
| LLC; KELLEY POE; and JOHN DOE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**TO:** Defendants, David Drurand Williams, Ashley River Properties, II, LLC d/b/a Ripley Light Yacht Club; Kriti Ripley, LLC; Kelley Poe and John Doe, by and through their counsel of record, Ryan D. Ellard, Via E-Mail: Ryan.Ellard@wbd-us.com.

Pursuant to Fed.R.Civ.Pro. 33, Plaintiff, David Oppenheimer submits Plaintiff's First Supplemental Objections and Responses to First Interrogatories. Plaintiff reserves the right to supplement or amend these responses as permitted by Fed.R.Civ.Pro. and/or any applicable Scheduling Order.

Dated:  June 17, 2021                                LEJUNE LAW FIRM

                                                                                 By:  /s Dana A. LeJune (TX 12188250)
                                                                                      Dana A. LeJune
                                                                                      1225 North Loop West, Ste. 825
                                                                                      Houston, Texas 77008
                                                                                      Ofc: 713-942-9898
                                                                                      Fax: 713-942-9899
                                                                                      dlejune@triallawyers.net

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of June 2021, 1 served a copy of the foregoing *Plaintiff's Objections and Answers to First Interrogatories* to counsel of record in this proceeding via email and will mail a printed copy to counsel's offices *upon request.*

    Ryan D. Ellard, Federal Bar No. 12819
    Ryan.Ellard@wbd-us.com

*/s  DANA A. LEJUNE*

# INTERROGATORIES

1. Please set forth your employment history from December 6, 2010 through the present, including a precise description of your job responsibilities with each of your employers.

**ANSWER:**

Plaintiff objects to this interrogatory because it is overbroad, unduly burdensome, and unlimited in time and scope. Plaintiff also objects to this interrogatory because it is unrelated to any claim or defense of the parties to this litigation and, therefore, not proportional to the needs of the case.

Subject to and without waiver of this objection, since December 6, 2010, Oppenheimer has been employed by Performance Impressions, LLC, working as a professional photographer offering photography print sales and licensing of original photographs he creates. Oppenheimer has also run a business under the name Surpass Marketing, creating websites, photography, performing social media promotion, and SEO work. Oppenheimer was worked as an election work and election judge with the Buncombe County Board of Elections. Oppenheimer has worked with Copyright Services International performing registration work for clients. Further, Oppenheimer is a managing member of Hamlit, LLC, offering long term residential rentals in the Asheville, North Carolina area.

2. If you ever have been a party to any civil lawsuit or civil action (excluding this Case), provide the basis thereof and where applicable identify any alleged copyright rights and/or allegedly copyrightable works at-issue, the date, the names of the parties, the title of each action, the relevant court and civil action number, your relationship to the civil action, and the outcome of the civil action or settlement, including where applicable state in US Dollars any amount(s) recovered by you via judgment, award, settlement, or otherwise for each such instance.

**ANSWER:**

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections, all such records are publicly available at pacer.gov.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of the objections above, please see the following:

| Case Number | Case Title | Court ID | Case Type | Date Filed | Date Terminated |
|---|---|---|---|---|---|
| 4:2011cv40211 | Oppenheimer v. InYourSpeakers Media, LLC | madc | cv | 11/3/2011 | 8/3/2012 |
| 3:2012cv00111 | Oppenheimer v. Hello Network, Inc et al | kywdc | cv | 3/1/2012 | 5/14/2012 |
| 2:2012cv04038 | OPPENHEIMER v. SELECT-A TICKET, INC. et al | njdc | cv | 6/29/2012 | 2/28/2013 |
| 1:2012cv11515 | Oppenheimer v. WhoFish Media, Inc. | madc | cv | 8/15/2012 | 10/2/2013 |
| 2:2012cv02539 | Oppenheimer v. Cool Music Network, LLC | ksdc | cv | 8/16/2012 | 3/1/2013 |
| 4:2013cv02542 | Oppenheimer v. Gramophone, LLC, et al | moedc | cv | 12/20/2013 | 2/9/2015 |
| 3:2014cv00499 | Oppenheimer et al v. Allvoices. Inc. | candc | cv | 1/31/2014 | 1/29/2015 |
| 2:2014cv00610 | Oppenheimer et al v. ESeats Incorporated et al | azdc | cv | 3/24/2014 | 6/19/2014 |
| 2:2014cv05607 | David Oppenheimer v. Woven Digital, LLC et al | cacdc | cv | 7/18/2014 | 12/11/2014 |
| 1:2014cv00208 | Oppenheimer et al v. Holt et al | ncwdc | cv | 8/12/2014 | 5/4/2015 |
| 2:2014cv03425 | Oppenheimer et al v. Beach Residential LLC | scdc | cv | 8/24/2014 | 2/26/2015 |
| 2:2014cv00085 | Oppenheimer v. Compugeeks Computer and I.T. Solutions, Inc. et al | tnmdc | cv | 9/11/2014 | 10/8/2014 |
| 1:2014cv08085 | Oppenheimer v. Kaplan Lawyers, P.C. | nysdc | cv | 10/7/2014 | 11/20/2014 |
| 2:2014cv02211 | Oppenheimer v. TicketBiscuit LLC et al | alndc | cv | 11/14/2014 | 4/16/2015 |
| 1:2014cv14329 | Oppenheimer et al v. WhoFish Media, Inc. | madc | cv | 12/4/2014 | 6/30/2015 |

| | | | | | |
|---|---|---|---|---|---|
| 1:2014cv14332 | Oppenheimer et al v. POP Entertainment, LLC | madc | cv | 12/4/2014 | 2/23/2015 |
| 1:2014cv09950 | Oppenheimer v. EnergyGuard Atlantic, LLC et al | nysdc | cv | 12/17/2014 | 1/23/2015 |
| 1:2014cv04066 | Oppenheimer v. Maestro Music, Inc. et al | gandc | cv | 12/23/2014 | 4/26/2016 |
| 1:2014cv04066 | Oppenheimer v. Maestro Music, Inc. et al | gandc | cv | 12/23/2014 | 4/26/2016 |
| 2:2015cv01337 | Oppenheimer v. D'Addario & Company, Inc. | nyedc | cv | 3/15/2015 | 8/10/2015 |
| 2:2015cv01337 | Oppenheimer v. D'Addario & Company, Inc. | nyedc | cv | 3/15/2015 | 8/10/2015 |
| 1:2015cv00552 | Oppenheimer et al v. Anschutz Entertainment Group, Inc. | codc | cv | 3/17/2015 | 5/29/2015 |
| 2:2015cv01240 | Oppenheimer v. West Coast Aerial Services, et al., | caedc | cv | 6/10/2015 | 9/1/2016 |
| 3:2015cv03676 | Oppenheimer v. Boulevards New Media, Inc. et al | candc | cv | 8/12/2015 | 1/6/2016 |
| 3:2015cv30177 | Oppenheimer v. Pamal Broadcasting, Ltd. | madc | cv | 10/7/2015 | 2/19/2016 |
| 2:2015cv04504 | Oppenheimer et al v. Grossman Atlantic LP | scdc | cv | 11/6/2015 | 1/5/2016 |
| 2:2016cv00336 | Oppenheimer et al v. Brand Name Real Estate of SC Inc | scdc | cv | 2/3/2016 | 11/14/2016 |
| 1:2016cv01677 | Oppenheimer v. Real Estate On-Line, LLC | nysdc | cv | 3/4/2016 | 11/16/2016 |
| 1:2016cv03006 | Oppenheimer et al v. Naperville Fitness, LLC et al | ilndc | cv | 3/9/2016 | 6/10/2016 |
| 1:2016cv02176 | Oppenheimer v. Haute Media, LLC et al | nysdc | cv | 3/24/2016 | 1/26/2017 |
| 3:2016cv00219 | Oppenheimer, David v. Benso, Michael et al | wiwdc | cv | 4/6/2016 | 1/5/2017 |
| 2:2016cv01210 | Oppenheimer et al v. Sand Dollar Real Estate Group LLC | scdc | cv | 4/18/2016 | 4/19/2017 |
| 1:2016cv10835 | Oppenheimer et al v. Webedia Entertainment, LLC | madc | cv | 5/4/2016 | 8/15/2016 |
| 1:2016cv11503 | Oppenheimer et al v. Gavel Media, Inc. | madc | cv | 7/20/2016 | 12/13/2016 |
| 1:2016cv11593 | Oppenheimer et al v. Townsquare Media, Inc. | madc | cv | 8/4/2016 | 11/21/2016 |
| 1:2016cv06443 | Oppenheimer v. Rukkus, Inc. | nysdc | cv | 8/14/2016 | 1/19/2017 |

| | | | | | |
|---|---|---|---|---|---|
| 1:2016cv11699 | Oppenheimer et al v. Entercom Communications Corp. et al | madc | cv | 8/19/2016 | 3/22/2017 |
| 1:2016cv00284 | Oppenheimer v. Lancaster, IV et al | ncwdc | cv | 8/23/2016 | 2/23/2017 |
| 1:2016cv01780 | OPPENHEIMER v. SONGMANGO.COM, LLC | dcdc | cv | 9/6/2016 | 12/7/2016 |
| 1:2016cv12584 | Oppenheimer et al v. Her Campus Media, LLC et al | madc | cv | 12/22/2016 | 5/25/2017 |
| 1:2017cv00082 | Oppenheimer v. Roadtrippers, Inc. et al | ohsdc | cv | 2/6/2017 | 6/30/2017 |
| 1:2017cv00168 | Oppenheimer v. Van Noord et al | miwdc | cv | 2/17/2017 | 9/25/2017 |
| 3:2017cv00110 | Oppenheimer v. Capstone Apartment Partners, LLC, et al | ncwdc | cv | 3/6/2017 | 4/28/2017 |
| 4:2017cv00211 | Oppenheimer et al v. Red Sage, Inc. et al | mowdc | cv | 3/22/2017 | 10/10/2017 |
| 2:2017cv00863 | Oppenheimer et al v. Shirley et al | scdc | cv | 3/31/2017 | 7/24/2017 |
| 4:2017cv00045 | Oppenheimer v. Vybe Sunglasses, LLC et al | ncedc | cv | 4/6/2017 | 7/19/2017 |
| 1:2017cv11402 | Performance Impressions, LLC et al v. CIEE, Inc. | madc | cv | 7/31/2017 | 11/28/2017 |
| 1:2017cv00284 | Oppenheimer v. Chesnut-Toupin et al | ncwdc | cv | 10/11/2017 | 9/28/2018 |
| 1:2017cv00303 | Oppenheimer v. The Country Club of Sapphire Valley, Inc. et al | ncwdc | cv | 11/1/2017 | 3/27/2018 |
| 2:2017cv03266 | Oppenheimer et al v. Carolina Sun Properties LLC | scdc | cv | 12/4/2017 | 2/20/2018 |
| 1:2018cv00359 | Oppenheimer v. Affinity Classics, L.L.C. | codc | cv | 2/13/2018 | 12/4/2018 |
| 1:2018cv00118 | Oppenheimer v. Sikorra et al | ncwdc | cv | 5/1/2018 | 8/8/2018 |
| 1:2018cv05330 | Oppenheimer et al v. Vertical Systems Analysis Inc. | nysdc | cv | 6/13/2018 | 8/3/2018 |
| 1:2018cv00252 | Oppenheimer v. Kenney | ncwdc | cv | 9/5/2018 | 11/26/2019 |
| 1:2018cv00257 | Oppenheimer v. Fitzpatrick et al | ncwdc | cv | 9/11/2018 | 1/18/2019 |
| 1:2018cv00272 | Oppenheimer v. Griffin et al | ncwdc | cv | 9/24/2018 | 12/31/2019 |
| 2:2018cv02691 | Oppenheimer v. Goldklang Group, The et al | scdc | cv | 10/2/2018 | 10/2/2019 |

| | | | | | |
|---|---|---|---|---|---|
| 2:2018cv02691 | Oppenheimer v. Goldklang Group, The et al | scdc | cv | 10/2/2018 | 10/2/2019 |
| 1:2018cv00297 | Oppenheimer v. Storrow et al | ncwdc | cv | 10/19/2018 | 9/6/2019 |
| 1:2018cv10014 | Oppenheimer et al v. Crain Communications, Inc. | nysdc | cv | 10/30/2018 | 12/26/2018 |
| 1:2018cv00342 | Oppenheimer v. Bennett et al | ncwdc | cv | 11/26/2018 | 1/8/2019 |
| 1:2018cv00361 | Oppenheimer vs Mountain Area Health Education Center, Inc. | ncwdc | cv | 12/17/2018 | 1/29/2020 |
| 9:2018cv81734 | Oppenheimer v. Five Linx, LLC | flsdc | cv | 12/19/2018 | 12/19/2018 |
| 9:2018cv81735 | Oppenheimer v. Five Linx, LLC | flsdc | cv | 12/19/2018 | 3/29/2019 |
| 1:2018cv00368 | Oppenheimer v. Brafford | ncwdc | cv | 12/26/2018 | 4/24/2019 |
| 1:2019cv00002 | Oppenheimer v. Morgan et al | ncwdc | cv | 1/3/2019 | 10/4/2019 |
| 3:2019cv00024 | Oppenheimer v. Moore et al | ncwdc | cv | 1/17/2019 | |
| 2:2019cv00303 | Oppenheimer v. Century 21 Properties Plus et al | scdc | cv | 2/1/2019 | 4/30/2019 |
| 2:2019cv00409 | Oppenheimer v. Fuller et al | scdc | cv | 2/12/2019 | 4/16/2020 |
| 1:2019cv00878 | OPPENHEIMER v. WALT EVANS DECORATORS, INC et al | insdc | cv | 3/1/2019 | 7/26/2019 |
| 3:2019cv00546 | Oppenheimer v. Shacklett et al | txndc | cv | 3/5/2019 | 11/18/2019 |
| 2:2019cv00150 | Oppenheimer v. Joey Merkle Burch LLC et al | flmdc | cv | 3/12/2019 | 7/2/2019 |
| 1:2019cv00984 | Oppenheimer v. EDM Network, LLC, The | codc | cv | 4/3/2019 | 7/8/2019 |
| 1:2019cv00985 | Oppenheimer v. EDM Network, LLC, The | codc | cv | 4/3/2019 | 4/4/2019 |
| 1:2019cv00423 | Oppenheimer v. Deiss et al | txwdc | cv | 4/16/2019 | 9/4/2020 |
| 1:2019cv00199 | Oppenheimer v. Plash et al | alsdc | cv | 4/18/2019 | 6/19/2019 |
| 1:2019cv00132 | Oppenheimer v. Seago et al | ncwdc | cv | 4/18/2019 | 9/12/2019 |
| 3:2019cv00198 | Oppenheimer v. Stingray Group, Inc. et al | ncwdc | cv | 4/23/2019 | 3/9/2020 |
| 3:2019cv00211 | Oppenheimer v. Thurner et al | ncwdc | cv | 5/3/2019 | 5/13/2020 |
| 3:2019cv00352 | Oppenheimer v. Conn-Selmer Inc | inndc | cv | 5/6/2019 | 7/24/2019 |
| 2:2019cv01384 | Oppenheimer v. Pearce et al | scdc | cv | 5/11/2019 | 8/23/2019 |
| 6:2019cv00299 | FILING ERROR | txwdc | cv | 5/13/2019 | 5/13/2019 |
| 6:2019cv00300 | Oppenheimer v. Korioth et al | txwdc | cv | 5/13/2019 | 7/25/2019 |
| 1:2019cv00747 | Oppenheimer v. Korioth et al | txwdc | cv | 5/13/2019 | 9/18/2019 |

| | | | | | |
|---|---|---|---|---|---|
| 1:2019cv00361 | Oppenheimer v. Fogarty et al | ohsdc | cv | 5/15/2019 | 9/19/2019 |
| 1:2019cv04551 | Oppenheimer v. UG Strategies, LLC et al | nysdc | cv | 5/17/2019 | 7/9/2020 |
| 2:2019cv00020 | Oppenheimer v. Janovich et al <B><font color=red>***Do not docket in this case.  See case 5:19-cv-246-BO</B></font> | ncedc | cv | 6/13/2019 | 6/17/2019 |
| 5:2019cv00246 | Oppenheimer v. Janovich et al | ncedc | cv | 6/13/2019 | 11/27/2019 |
| 1:2019cv11659 | Oppenheimer v. Sterling Equipment, Inc. et al | madc | cv | 8/1/2019 | 12/23/2020 |
| 1:2019cv01052 | Oppenheimer v. Superstar Tickets, Inc. | vaedc | cv | 8/12/2019 | 5/21/2020 |
| 1:2019cv00240 | Oppenheimer v. Johnson et al | ncwdc | cv | 8/13/2019 | 7/23/2020 |
| 5:2019cv00337 | OPPENHEIMER v. BERRY, et al. | gamdc | cv | 8/20/2019 | 3/23/2020 |
| 7:2019cv08573 | Oppenheimer et al v. The Masters School | nysdc | cv | 9/16/2019 | 11/7/2019 |
| 1:2019cv00282 | Oppenheimer v. Episcopal Communicators, Inc. | ncwdc | cv | 9/30/2019 | 9/3/2020 |
| 2:2019cv00189 | Oppenheimer v. Mountain States Health  Alliance et al | tnedc | cv | 10/24/2019 | 4/20/2021 |
| 1:2019cv04885 | Oppenheimer v. Private Eye Limo, LLC et al | gandc | cv | 10/30/2019 | 4/6/2020 |
| 5:2019cv00148 | Oppenheimer v. Wilson | ncwdc | cv | 11/8/2019 | 1/9/2020 |
| 6:2019cv03274 | Oppenheimer v. Friends of the Greenville Zoo Inc et al | scdc | cv | 11/20/2019 | 8/13/2020 |
| 1:2019cv00356 | Oppenheimer v. Purkey et al | ncwdc | cv | 12/23/2019 | 5/26/2020 |
| 1:2019cv01127 | Oppenheimer v. Stringfellow et al | alsdc | cv | 12/26/2019 | 5/22/2020 |
| 2:2019cv03590 | Oppenheimer v. Scarafile et al | scdc | cv | 12/30/2019 | Ongoing |
| 1:2020cv00151 | Oppenheimer v. Adventure Projects, Inc. | codc | cv | 1/17/2020 | 6/26/2020 |
| 3:2020cv00423 | Oppenheimer v. Allison et al | txndc | cv | 2/20/2020 | 4/9/2020 |
| 1:2020cv00152 | Oppenheimer v. Robison et al | alsdc | cv | 3/12/2020 | 12/30/2020 |
| 1:2020cv00570 | Oppenheimer v. Hippsley, et al. | ohndc | cv | 3/16/2020 | 8/10/2020 |
| 2:2020cv10913 | Oppenheimer v. SoulTracks, LLC et al | miedc | cv | 4/9/2020 | 7/6/2020 |
| 3:2020cv00297 | Oppenheimer v. A.C. Schultes of Carolina, Inc.  et al | ncwdc | cv | 5/27/2020 | 3/12/2021 |
| 1:2020cv01451 | OPPENHEIMER v. WL MAGAZINE GROUP, LLC | dcdc | cv | 6/1/2020 | Ongoing |

| | | | | | |
|---|---|---|---|---|---|
| 1:2020cv03227 | Oppenheimer v. KMW Communities, LLC | ilndc | cv | 6/1/2020 | 9/8/2020 |
| 1:2020cv00128 | Oppenheimer v. Rowley et al | ncwdc | cv | 6/1/2020 | 4/5/2021 |
| 2:2020cv02630 | Oppenheimer v. IFS Group Inc et al | scdc | cv | 7/16/2020 | ongoing |
| 4:2020cv02747 | Oppenheimer v. Luetchford et al | txsdc | cv | 8/6/2020 | 4/14/2021 |
| 3:2020cv05690 | Oppenheimer v. Kurland et al | candc | cv | 8/14/2020 | |
| 3:2020cv01114 | Oppenheimer v. Schultz et al | flmdc | cv | 9/30/2020 | 1/12/2021 |
| 1:2020cv00288 | Oppenheimer v. Cashiers Area Chamber of Commerce, Inc. | ncwdc | cv | 10/8/2020 | 1/11/2021 |
| 2:2020cv04219 | Oppenheimer v. Williams et al | scdc | cv | 12/6/2020 | ongoing |
| 1:2020cv07719 | Oppenheimer v. Zencity, Inc. et al | ilndc | cv | 12/23/2020 | 3/18/2021 |
| 1:2021cv00280 | Oppenheimer v. Gary et al | scdc | cv | 1/28/2021 | 4/12/2021 |
| 1:2021cv00648 | Oppenheimer v. PrimeSport, LLC et al | gandc | cv | 2/12/2021 | Ongoing |
| 5:2021cv01382 | Oppenheimer v. Prutton | candc | cv | 2/25/2021 | Ongoing |
| 3:2021cv03494 | OPPENHEIMER v. ALBRIGHT et al | njdc | cv | 2/25/2021 | Ongoing |
| 3:2021cv01422 | Oppenheimer v. Plexuss, Inc. | candc | cv | 2/26/2021 | Ongoing |
| 2:2021cv00626 | Oppenheimer v. High Tide Real Estate Group Inc et al | scdc | cv | 3/3/2021 | Ongoing |
| 1:2021cv01099 | Oppenheimer v. Old Cashiers Realty, Inc. et al | gandc | cv | 3/17/2021 | Ongoing |
| 1:2021cv00078 | Oppenheimer v. Cooley et al | ncwdc | cv | 3/22/2021 | Ongoing |
| 1:2021cv04364 | Oppenheimer v. City Island Chamber of Commerce Inc. et al | nysdc | cv | 5/14/2021 | Ongoing |
| 1:2021cv04834 | Oppenheimer v. Workville, LLC et al | nysdc | cv | 6/1/2021 | Ongoing |
| 1:2021cv02961 | Oppenheimer v. First Step Trademarks, LLC et al | ilndc | cv | 6/2/2021 | Ongoing |

3. Identify all instances in which you have in any way asserted copyright-related rights (including without limitation claims of removal or alteration of copyright management information) – whether via litigation, cease and desist letters, demand letters, or otherwise – *in the Image* against any third party, including any allegations of infringement, and state in US Dollars any amount(s) recovered by you via judgment, award, settlement, or otherwise for each such instance.

**ANSWER:**

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections, other than the actions taken against the Defendants named in the instant lawsuit, Oppenheimer has not asserted copyright-related rights in the Image against any third party.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of the objections above, please see Plaintiff's response to Interrogatory No. 2.

4. To the extent not identified in response to the foregoing interrogatories, identify all instances in which you have in any way asserted copyright-related rights (including without limitation claims of removal or alternation of copyright management information) – whether via litigation, cease and desist letters, demand letters, or otherwise – in *any copyright-protected works* against any third party and state in US Dollars any amount(s) recovered by you via judgment, award, settlement, or otherwise for each such instance.

**ANSWER:**

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

Subject to and without waiver of these objections, all such records are publicly available at pacer.gov.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of the objections above, please see Plaintiff's response to Interrogatory No. 2.

5.     For each of the last ten years, state in US Dollars the total amounts per year recovered via judgment, award, settlement, or otherwise by you by asserting rights – whether via litigation, cease and desist letters, demand letters, or otherwise – in any copyright-related rights (including without limitation claims of removal or alteration of copyright management information) against any third party.

**ANSWER:**

Plaintiff objects to this request on the basis that it is overbroad, vague, ambiguous and calls for information that is equally accessible to Defendant through public records. Plaintiff further objects to this request on the basis that it calls for information that is irrelevant to any claim or defense of any party to this litigation and is not proportionate to the needs of the case. Plaintiff objects to this interrogatory to the extent that it seeks information which is protected by the attorney-client, work-product, and/or investigation privilege regarding the research of unrelated and irrelevant third party infringers. Plaintiff further objects to this interrogatory on the basis that it calls for information – such as amount(s) recovered – that are protected under strict confidentiality agreements and cannot be disclosed under said agreements.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of the objections above, please see the non-confidential settlement agreements entered into by Plaintiff relating to and/or concerning Plaintiff asserting copyright-related rights against third parties produced herewith and bate-numbered Oppenheimer-Ripley 000093 – Oppenheimer-Ripley000149 (AEO).

6. Describe, in your own words, the nature of your business, the services and products, and the business model by which you generate revenue.

**ANSWER:**

Plaintiff objects to this interrogatory because it is overbroad, unduly burdensome, and unlimited in time and scope. Plaintiff also objects to this interrogatory because it is vague and ambiguous as the term "business" is undefined and unspecified.

Subject to and without waiver of these objections, Performance Impressions, LLC offers photograph print sales and licensing of photographs for a fee. Oppenheimer creates the photographs that are licensed and/or sold through individual prints through Performance Impressions, LLC. Oppenheimer also offers commercial aerial photography services for a fee. Hamlit, LLC offers long term residential rentals in the Asheville, North Carolina area.

7. For each of the last ten years, state in US Dollars the gross revenues per year generated by way of your business as well as your professional services and products. To avoid confusion, this amount should exclude any amounts recovered by you via judgment, award, settlement, or otherwise by you by asserting rights – whether via litigation, cease and desist letters, demand letters, or otherwise – in any copyright rights against any third party.

**ANSWER:**

Plaintiff objects to this interrogatory because it is overbroad and unduly burdensome. Plaintiff further objects to this interrogatory because it calls for information that is confidential, proprietary business and/or trade secret information which, if disclosed could give others a competitive advantage. Plaintiff further objects to this interrogatory because it calls for records relating to licensing fees or other revenues received by Plaintiff for use of his images from persons or entities other than this Defendant. Any documents relating to any license fees from anyone other than the

Defendant or that relate to any images other than the Image at issue, are unrelated to any claim or defense of any party to this litigation and therefore, not proportionate to the needs of the case.

8. Describe in detail how, when, where, and in what format you created the Image, including but not exclusive to how the Image was obtained (e.g. via drone, helicopter, etc.), where you were physically situated at the time, whether you received permission from any person or entity to take the Image, and if applicable, how and when you added any copyright notices, watermarks, or otherwise modified the Image.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that it is vague and ambiguous; using the term "format" as it relates to the creation of a photograph without providing definition and/or context.

Subject to and without waiver of this objection, on or around May 18, 2015 at approximately 5:11 PM, Oppenheimer boarded a helicopter that had both rear doors removed for the purpose of capturing aerial photographs. Oppenheimer sat in the rear of the helicopter reaching out of the open rear right door in manual exposure mode, holding the camera in one hand while the other hand kept a tight grip on the lens while above or next to the Ashley River in South Carolina. Oppenheimer captured the Image at issue in Nikon Electronic Format ("NEF"). After the helicopter trip – but prior to publication – Oppenheimer added the notice of copyright in the metadata of the Image and onto the lower right-hand corner of the image as a watermark. The Image was then published on or before July 1, 2014.

**AMENDED RESPONSE:**

Plaintiff objects to this interrogatory on the basis that it is vague and ambiguous; using the term "format" as it relates to the creation of a photograph without providing definition and/or context.

Subject to and without waiver of this objection, on or around May 18, 2014, at approximately 5:11 PM, Oppenheimer boarded a helicopter that had both rear doors removed for the purpose of capturing aerial photographs. Oppenheimer sat in the rear of the helicopter reaching out of the open rear right door in manual exposure mode, holding the camera in one hand while the other hand kept a tight grip on the lens while above or next to the Ashley River in South Carolina. Oppenheimer captured the Image at issue in Nikon Electronic Format ("NEF"). After the helicopter trip – but prior to publication – Oppenheimer added the notice of copyright in the metadata of the Image and onto the lower right-hand corner of the image as a watermark. The Image was then published on or before July 1, 2014.

9. Identify all websites, URLs, or other locations where the Image was placed by you or anyone acting on your behalf or with your permission.

**ANSWER:**

Plaintiff objects to this interrogatory because it is overbroad, unduly burdensome, vague, ambiguous, and unlimited in time and scope.

Subject to and without waiver of these objections, Plaintiff published the Image on the following websites:

- Performanceimpressions.com
- http://54.166.87.126/wp-content/gallery/charleston-south-carolina-travel-photography-spring-2014/Ripley_Light_Yacht_Club_Charleston_DSC7129.jpg
- https://www.flickr.com/photos/livemusicphotography/14553807855
- https://live.photoshelter.com/gallery-image/Charleston-South-Carolina-Aerial-and-Travel-Photography/G00000OcnH7yuNbU/I0000pFvANdGv6YE

10. Identify all websites, URLs, or other locations where you know the Image to be present, or where it has been present in the past.

**ANSWER:**

Plaintiff objects to this interrogatory because it is unreasonably cumulative and duplicative of Interrogatory No. 9 above. Plaintiff also objects to this interrogatory because it is overbroad, unduly burdensome, vague, ambiguous, and unlimited in time and scope.

Subject to and without waiver of these objections, Plaintiff published the Image on the following websites:

- Performanceimpressions.com
- https://www.performanceimpressions.com/travel-photography/charleston-travel-photography-may-2014/
- http://54.166.87.126/wp-content/gallery/charleston-south-carolina-travel-photography-spring-2014/Ripley_Light_Yacht_Club_Charleston_DSC7129.jpg
- https://www.flickr.com/photos/livemusicphotography/14553807855
- https://live.photoshelter.com/gallery-image/Charleston-South-Carolina-Aerial-and-Travel-Photography/G00000OcnH7yuNbU/I0000pFvANdGv6YE
- https://www.performanceimpressions.com/Charleston_SC_Travel_Photos_May_2014/content/Ripley_Light_Yacht_Club_Charleston_DSC7129_large.html

Plaintiff has discovered that Defendants, or someone at their direction – without license or authorization – copied Oppenheimer's Image and published it on Defendants' Facebook page at

www.facebook.com/pg/RipleyLightYachtClub/photos; on a Facebook post at www.facebook.com/RipleyLightYachtClub/posts/1620050395632913; and on the Defendants' website at ripleylightyachtclub.com, all for the purpose of advertising and marketing Defendants' private marina and their business in general. Oppenheimer also discovered the infringing Image on the following URLs:

- https://img1.wsimg.com/isteam/ip/5e348ce9-05cd-4e0d-9c87-75396c223493/476de9f1-63f9-4ba3-a1c9-461934e63e27.jpg/:/rs=w:223,h:223,cg:true,m/cr=w:223,h:223
- https://img1.wsimg.com/isteam/ip/5e348ce9-05cd-4e0d-9c87-75396c223493/476de9f1-63f9-4ba3-a1c9-461934e63e27.jpg
- https://scontent-atl3-1.xx.fbcdn.net/v/t31.0-8/18209322_1680023282302291_3081456682495449958_o.jpg?oh=424560b9d92df81fa4c00f419adfee2c&oe=5AC22CDD

Oppenheimer further discovered that Defendants used the Image to create a business card for Defendant Poe and that at least 500 copies were printed therefrom.

Plaintiff reserves the right to supplement this answer as discovery has just begun.

11. Describe in detail the pricing model for the Image, including but not exclusive to how much the Image would cost in to license and/or purchase.

**ANSWER:**

Plaintiff objects to this interrogatory because it calls for information that is confidential, proprietary business and/or trade secret information which, if disclosed could give Defendants a competitive advantage.

Subject to and without waiver of this objection, Plaintiff refers Defendants to its Rule 26(a) Disclosures. Speaking further but without waiver of the above, a one-year, nonexclusive, nation-wide license to use the copyright-protected aerial photographs made subject to this lawsuit for promotional purposes on a *single website* would cost approximately $3,170. Use on social media post (i.e. Facebook post) for regional business web promotional use, up to fully page for one (1) year would cost approximately $1,660. Use on social media cover page (i.e. Facebook cover page) for a business profile banner image for one (1) year would cost approximately $2,802. Use on under 1,000 business cards would cost approximately $595.

Plaintiff reserves the right to supplement this answer as discovery has just begun.

12. Identify and describe in US Dollars all gross revenues generated from your alleged ownership of or other copyright rights associated with the Image, including any gross revenues from any sales of the Image, any licensing of the Image, or any other revenues that you contend flow from your ownership of any rights in the Image. To avoid confusion, this amount should exclude any amounts recovered by you via judgment, award, settlement, or otherwise by you by asserting rights – whether via litigation, cease and desist letters, demand letters, or otherwise – in any copyright-related rights against any third party.

**ANSWER:**

Plaintiff objects to this interrogatory because it is overbroad and unduly burdensome. Plaintiff also objects to this interrogatory because it calls for information that is confidential, proprietary business and/or trade secret information which, if disclosed could give others a competitive advantage. Plaintiff further objects to this interrogatory because it calls for records relating to licensing fees or other revenues received by Plaintiff for use of his images from persons or entities other than this Defendant. Information relating to any license fees from anyone other than the Defendant are unrelated to any claim or defense of any party to this litigation and therefore, not proportionate to the needs of the case.

Subject to and without waiver of this objection, Oppenheimer has not licensed – nor sold print copies of – the Image at issue in this suit. Plaintiff reserves the right to supplement this answer as discovery has just begun.

13. Describe in detail how and on what date you identified or came to be aware of Defendants' alleged use of the Image, as identified in Paragraphs 14-15 of the Complaint.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that it is vague and ambiguous with regard to its use of the phrase "in detail" as it relates to "how" Plaintiff discovered the infringement at issue. Plaintiff also objects to this interrogatory on the basis that it is unreasonably cumulative and duplicative, and seeks information already provided in Plaintiff's Complaint.

Subject to and without waiver of this objection, Plaintiff generally refers Defendants to paragraphs 14 and 15 of the Complaint. On or about December 12, 2017, likely through a Google search, Oppenheimer discovered that Defendants were displaying his Image on at least the following URLs:

- www.facebook.com/pg/RipleyLightYachtClub/photos

- www.facebook.com/RipleyLightYachtClub/posts/1620050395632913
- www.ripleylightyachtclub.com
- https://img1.wsimg.com/isteam/ip/5e348ce9-05cd-4e0d-9c87-75396c223493/476de9f1-63f9-4ba3-a1c9-461934e63e27.jpg/:/rs=w:223,h:223,cg:true,m/cr=w:223,h:223
- https://img1.wsimg.com/isteam/ip/5e348ce9-05cd-4e0d-9c87-75396c223493/476de9f1-63f9-4ba3-a1c9-461934e63e27.jpg
- https://scontent-atl3-1.xx.fbcdn.net/v/t31.0-8/18209322_1680023282302291_3081456682495449958_o.jpg?oh=424560b9d92df81fa4c00f419adfee2c&oe=5AC22CDD

Oppenheimer further discovered that Defendants used the Image to create a business card for Defendant Poe and that at least 500 copies were printed therefrom.

Plaintiff reserves the right to supplement this answer as discovery has just begun.

**SUPPLEMENTAL RESPONSE:**

Subject to and without waiver of the objections above, stating further, Oppenheimer discovered the initial online infringements by uploading the Image at issue onto Google Images' "Search by Image" function, which returned at least one (1) of the URLs listed above. While he does not recall a specific motivation for choosing the Image at issue, Oppenheimer was generally motivated to conduct this search in an attempt to maintain control over his intellectual property and to find and eliminate any instances of unauthorized used. Oppenheimer did not enter any written search terms, parameters, and/or other information in this search. He simply uploaded the Image onto Google and located the URLs identified above from the list returned from the "Search by Image" function.